UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| DAVID ROGERS<br>5966 Spring Valley Court<br>Galion, OH 44833<br><br>    and<br><br>ROBERT PERDEW<br>3930 Aries Brook Drive<br>Columbus, OH 43207<br><br>on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>    vs.<br><br>COLLATERAL INVESTIGATIONS<br>AND RECOVERY GROUP, INC.<br>c/o Statutory Agent Christopher D. Peer<br>7968 Simpson Creek Way<br>Mason, OH 45040<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiffs, David Rogers and Robert Perdew, by and through counsel, and for their Complaint against Defendant Collateral Investigations and Recovery Group, Inc. ("Collateral"), state and allege the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiffs, the applicable minimum wage for all hours worked, and for Defendant's practices and policies of not paying overtime compensation at the rate of one and one-half times their regular rate of pay for the hours

they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant's principle place of business is in Dublin, Ohio, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff Rogers was a citizen of the United States and a resident of Crawford, County, Ohio.

6. At all times relevant herein, Plaintiff Perdew was a citizen of the United States and a resident of Franklin, County, Ohio.

7. At all times relevant here, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.14(B) and (B)(1).

8. At times relevant herein, Defendant conducted business in Franklin County, Ohio.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.14(B).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commence within the meaning of §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K).

## FACTUAL ALLEGATIONS

14. Defendant Collateral is an Ohio company that provides repossession services throughout the state of Ohio.

15. Defendant employed Plaintiff David Rogers as a camera car agent and paid him on an hourly basis between approximately April 2016 and August 2016, and employed him as a tow truck driver and paid him on a piece rate basis between approximately August 2016 and January 2017.

16. Defendant employed Plaintiff Robert Perdew as a camera car agent and tow truck driver between December 2014 and November 2015, and paid him on an hourly basis and on a piece rate basis.

17. Other similarly-situated individuals were employed by Defendant as recovery agents, tow truck drivers, camera car agents, and lot agents. Many individuals were employed in more than one capacity at a time.

18. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents were classified by Defendant as non-exempt employees, exempt

employees, and/or independent contractors.

19. However, Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents should have been classified as non-exempt employees.

**(Misclassification of Recovery Agents, Tow Truck Drivers, Camera Car Agents, and Lot Agents as Independent Contractors)**

20. Defendant improperly classified Plaintiffs and other similarly situated recovery agents, tow truck drivers, camera car agents, and lot agents as independent contractors.

21. Plaintiffs and other similarly situated recovery agents, tow truck drivers, camera car agents, and lot agents were employees under the law because Defendant hired/fired, issued pay, supervised, directed, disciplined, and scheduled the work of their work, and performed all other duties generally associated with that of an employer with regard to Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents.

22. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents constitute the workforce without which Defendant could not perform its operations.

23. Defendant controlled the manner in which Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents performed their work, including, without limitation, the hours they worked, the days they worked, the location(s) they worked, how they performed their work, and the rules and policies that they were required to follow.

24. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents:

    a. Defendant paid Plaintiffs and other similarly-situated recovery agents, tow truck

4

drivers, camera car agents, and lot agents on an hourly, salary, and/or commission basis, or by the piece;

b. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents had no control over what areas they were assigned to or over where they performed their work;

c. Defendant required Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents to request time off in advance, which required pre-approval;

d. Defendant provided training to Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents, instructing them how to perform their work;

e. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents were required to travel hundreds of miles per week and Defendant assigned them so many work hours each workweek that, as a practical matter, they were prevented from working for other companies;

f. Defendant controlled the amount of hours Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents worked;

g. Defendant dictated the locations at which Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents traveled and worked;

h. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents' services were integrated into Defendant's operations;

i. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera

5

car agents, and lot agents worked for Defendant for long and indefinite periods of time, as is common with employees;

j. Defendant had rules that Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents were required to follow when performing their jobs;

k. Defendant maintained the right to discharge Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents at will; and

l. Defendant provided Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents with the equipment needed to perform their jobs, including, but not limited to tow trucks, cars, tablets, lock-out tools, tow straps, fuel cards, and cameras.

25. Despite these facts, Defendant improperly classified Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents as independent contractors and not as employees.

**(Failure to Pay Overtime Compensation)**

26. Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents worked more than 40 hours per week, but Defendant failed to pay them overtime compensation at a rate of one and one half their regular hourly rate for the hours they worked over 40 each workweek.

**(Failure to Pay Minimum Wage)**

27. Defendant failed to pay Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents the minimum wage for all hours worked.

**(Failure to Keep Accurate Records)**

28.     Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents.

29.     Plaintiff David Rogers estimates that he worked on average approximately 55 hours per week for Defendant during his employment.

30.     Plaintiff Robert Perdew estimates that he worked on average approximately 50 hours per week for Defendant during his employment.

**(Defendant Willfully Violated the FLSA)**

31.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

32.     Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. 216(b) and R.C. 4111.14(K), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

33.     The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All current and former recovery agents, tow truck drivers, camera car agents, and/or lot agents employed by Collateral Investigations and Recovery Group, Inc. between August 17, 2015 and the present.

34.     Some of the overtime hours Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents worked are reflected on Defendant's time and payroll records.

7

35. Plaintiffs are unable to state at this time the exact size of the potential class, by upon information and belief, aver that is consists of at least 50 persons.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) and R.C. 4111.14(K) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA and OMFWSA.  In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiffs are representatives of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

37. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b) and R.C. 4111.14(K), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All current and former recovery agents, tow truck drivers, camera car agents, and/or lot agents employed by Collateral Investigations and Recovery Group, Inc. between August 17, 2015 and the present.

39. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, aver that it consists of at least 50 persons.

40. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

8

    a) whether Defendant failed to pay overtime compensation to its recovery agents, tow truck driver, camera car agents, and lot agents for hours worked in excess of 40 each workweek;

    b) what amount of monetary relief will compensate Plaintiffs and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

41. The claims of the named Plaintiffs David Rogers and Robert Perdew are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

42. Named Plaintiffs David Rogers and Robert Perdew will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be

adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

45. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

46. Defendant's practice and policy of misclassifying Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents as independent contractors violated the FLSA, 29 U.S.C. §§ 201-219.

47. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

48. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents the minimum wage for all hours they worked violated the FLSA, 29 U.S.C. 206.

49. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

50. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

51. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

52. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

53. Defendant's practice and policy of misclassifying Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents as independent contractors violated the OMFWSA, R.C. 4111.03.

54. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

55. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents violated the OMFWSA, R.C. 4111.03.

56. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated recovery agents, tow truck drivers, camera car agents, and lot agents have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b) and R.C. 4111.14(K), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the classes they represent actual damages for unpaid wages;

D. Award Plaintiffs and the classes they represent liquidated damages equal in amount to the unpaid overtime and liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiffs and the classes;

E. Award Plaintiffs and the classes they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the classes they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the classes they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiffs