THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID ROGERS,** *et al.*,

    Plaintiffs,

    v.

Civil Action 2:18-cv-901
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers

**COLLATERAL INVESTIGATIONS
AND RECOVERY GROUP, INC.,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the failure of Defendant Collateral Investigations and Recovery Group, Inc., ("Collateral") to file a response to the Court's Order from June 2, 2020, directing it to Show Cause as to why the Clerk should not enter default against it. (ECF No. 62.)

This action was originally filed on August 17, 2018. (ECF No. 1.) The docket reflects that summons was returned executed on Collateral on September 24, 2018. (ECF No. 9.) The Court issued a Preliminary Pretrial Order on November 20, 2018, setting the schedule in the case. (ECF No. 14.) In December 2019, Attorneys Clayborne B. Johnson and Jonathan P. Misny, counsel for Collateral, filed Motions to Withdraw as Attorneys (ECF No. 31, 33), which were granted on January 9, 2020. (ECF No. 37.) The Court reminded Collateral that it could only proceed through licensed counsel in this Court and scheduled a telephonic status conference for January 28, 2020. (*Id.*) At the conference on January 28, 2020, a representative of Collateral

advised that it had just retained counsel and that counsel would move for *pro hac vice* admission in this Court within two weeks. (ECF No. 41.) The Court held an additional conference on this issue on February 11, 2020, and Collateral's newly-retained counsel was directed to seek admission no later than February 20, 2020. (ECF Nos. 42, 43.)

On February 21, 2020, Plaintiff and Collateral filed an Amended Rule 26(f) Report, which indicated that Collateral was represented by Attorney Josiah Collier. (ECF No. 44.) On March 26, 2020, Attorney Hillard Abroms filed a Notice of Appearance on behalf of Collateral. (ECF No. 48.) That same day, Attorney Josiah Collier filed a Motion for Admission of Attorney *Pro Hac Vice* (ECF No. 49), and Attorney Hillard Abroms filed a Motion to Withdraw as Counsel (ECF No. 50). The Clerk's Office issued a Notice of Deficiency regarding Attorney Collier's Motion for Admission. (ECF No. 51.) On March 31, 2020, the Court denied both Attorney Collier's Motion for Admission and Attorney Abroms' Motion to Withdraw as Counsel, noting the deficiencies in Attorney Collier's Motion for Admission and finding that Attorney Abroms' Motion to Withdraw was premature since Collateral must be represented by a permanent member of the bar of this Court. (ECF No. 52.) The Court scheduled a status conference for May 18, 2020. (ECF No. 59.) Neither counsel for Collateral nor a representative of Collateral attended the conference. (ECF No. 60.) Accordingly, the Court directed Collateral to show cause within fourteen (14) days of the date of that Order why the Court should not enter default judgment against them for failure to appear and defend. (ECF No. 62.) Collateral was specifically advised that default judgment could be entered against it if it failed to respond to the Show Cause Order. (*Id.*, citing Fed. R. Civ. P. 16(f)(1)(A).)

To date, Collateral has not filed anything in response to the Order to Show Cause. Under the present circumstances, it is therefore **RECOMMENDED** that the Court direct the Clerk to

enter default against Defendant Collateral, and once default is entered, that Plaintiff be permitted to move for default judgment against it.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: June 22, 2020**         */s/ Elizabeth A. Preston Deavers*
                                **ELIZABETH A. PRESTON DEAVERS**
                                **CHIEF UNITED STATES MAGISTRATE JUDGE**